J^McCLENDON, J.
The defendant, Audra Turner, was charged by bill of information with two counts of intentional exposure to AIDS virus in violation of LSA-R.S. 14:43.5. She initially pled not guilty. Subsequently, she withdrew her plea of not guilty and pled guilty as charged on both counts. Following a Boykin examination, the district court accepted the defendant’s guilty plea and sentenced her to imprisonment at hard labor for five years on each count. The court ordered that the sentences be served concurrently and further ordered that the defendant register as a sex offender upon her release. The defendant moved for reconsideration of the sentences. The district court denied the motion.
On appeal, in a single assignment of error, the defendant contends that the district court erred in imposing unconstitutionally excessive sentences. For the following reasons, we affirm the defendant’s convictions and sentences.

FACTS

Because the defendant pled guilty, the facts of the offenses were never fully developed in the record. At the Boykin hearing, the state indicated that if the matter were to proceed to trial, the state was prepared to prove:
[T]hat [the defendant] had some sort of sexual contact with two separate victims. One of whom actually found out after having sex with [the defendant] he had contracted syphilis. [The defendant] was confronted and admitted that she had syphilis, hepatitis B and C and was diagnosed with the A.I.D.S. virus ten to fifteen years ago. [She][a]dmitted that she told neither one of these people whom she’d had sexual contact with that she had the A.I.D.S. virus, because she didn’t want other people in the apartment complex to know about it.
The defendant did not fully accept the facts set forth by the state. She stated:
Well, like he said, with one of them, I was kind of close to him, with the one that they’re saying about syphilis and all that, I have never had any contact with him period. We had got into a little dispute once before and he had said that he was, he was determined that he was going to get me throwed (sic) out, I didn’t know he was going to go through the process of doing all that, to get me.
Having previously explained the nature of the charges, the possible penalties, and the constitutional trial rights, the court asked if the defendant was | ¡¡still willing to waive her constitutional rights by pleading guilty to the offenses charged. The defendant responded affirmatively.[1]

EXCESSIVE SENTENCES

In her sole assignment of error, the defendant contends that the district court erred in denying her motion to reconsider *440 the sentences. Specifically, she argues that the court failed to give adequate consideration to the factors enumerated in LSA-C.Cr.P. art. 894.1. She avers that the district court failed to consider, as a mitigating factor, her status as a first felony offender. The defendant further asserts the five-year sentences are excessive because she is not the worst offender and the instant offenses were not the worst offenses.
Under LSA-R.S. 14:43.5(E)(1), the defendant was exposed to a potential penalty of a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. Thus, the sentences of imprisonment at hard labor for five years are clearly within the statutory limits.
A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 603 So.2d 739, 751 (La.1992). However, even a sentence within statutory limits may nonetheless violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
 Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of .pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it |4shocks the sense of justice. State v. Reed, 409 So.2d 266 (La.1982); State v. Lanieu, 98-1260, p. 12 (La.App. 1st Cir.4/1/99), 734 So.2d 89, 97, writ denied, 99-1259 (La.10/8/99), 750 So.2d 962.
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not cite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. Remand is unnecessary when the record shows a sufficient factual basis for the sentence. State v. Landos, 419 So.2d 475, 478 (La.1982).
In this case, although the district court judge did not list every aggravating or mitigating circumstance, we find that the record supports the sentences imposed. The record reflects that after accepting the defendant’s guilty plea, the district court deferred sentencing for ninety days and ordered a presentence investigation report (PSI). The court specifically informed the defendant, among other things, that if she failed to report to the probation office to be interviewed in connection with the completion of the PSI, she would not receive a sentence of probation. The court further instructed the defendant, who admitted she was infected with the AIDS virus, to refrain from engaging in sexual contact with anyone. The court stated that the defendant would receive the maximum sentence of imprisonment of ten years if she failed to comply with these instructions.
At the sentencing hearing, prior to imposing sentence, the judge noted that the *441 PSI revealed that despite the court’s warnings, the defendant did not report to the Division of Probation and Parole as instructed. The PSI reflects that the defendant failed to appear for a scheduled appointment and all subsequent efforts to contact her were unsuccessful. Therefore, the probation officer was [¡¡unable to obtain information regarding the defendant’s sot cial history, her statement, or financial resource information. Based upon the defendant’s failure to abide by the court’s instructions, the PSI concluded that the defendant would not be a good candidate for probation supervision despite her status as a first offender. The PSI recommended incarceration for “an appropriate amount of time.”
In support of the sentences imposed, the court noted that the defendant’s actions of having unprotected sex with fhe victims without revealing that she was infected with the AIDS virus, a fact, of which she was clearly aware, “probably sentenced two other people to the .death sentence.” The court concluded that the defendant’s actions were “unconscionable” and were equivalent to “pointing a gun to [the victims’] head[s] and pulling the trigger.” The court again noted that the defendant did not report to the probation office despite specifically having been ordered to do so. The court then concluded that the defendant was in need of confinement in a custodial environment.
Considering the circumstances of the instant offenses and the district court’s reasons for sentence, we find no error or abuse of discretion by the district court in sentencing the defendant to five years at hard labor on these offenses. In light of the harm to society and to the victims involved, the sentences imposed were neither grossly disproportionate to the severity of the crimes, nor so disproportionate as to shock our sense of justice. See State v. Lanieu, 98-1260 at p. 12, 734 So.2d at 97. The district court did not err in denying the defendant’s motion to reconsider the sentences. This assignment of error lacks merit.

DELAYS FOR FILING POST-CONVICTION RELIÉF

In her brief, the defendant avers that at the time of sentencing, the district court failed to advise her of the two-year time limitation contained in LSA-C.Cr.P. art. 930.8(C) for the filing of post-conviction relief applications. Contrary to the defendant’s assertions, our review of the minutes and the transcript of the | (¡sentencing reveals that the defendant was, in fact, provided this information. Thus, we find no error.
CONVICTIONS AND' SENTENCES AFFIRMED.

. It is well settled that, ''[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.” North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).