# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-668


STATE OF LOUISIANA

VERSUS

PATRICK DARNELL TURNER


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68855
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Post Office Drawer 1557**
**Many, LA   71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Alex J. Washington**
**Washington & Wells**
**1700 Irving Place**
**Shreveport, LA 71101**
**(318) 841-1233**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Patrick Darnell Turner**

**AMY, Judge.**

The defendant was initially charged with four counts of intentional exposure to the AIDS virus, a violation of La.R.S. 14:43.5. Pursuant to a plea agreement, the defendant eventually pled guilty to one count of intentional exposure to the AIDS virus. The trial court imposed a sentence of eight years imprisonment at hard labor. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The defendant, Patrick Darnell Turner, was charged with four counts of intentional exposure to the AIDS virus, a violation of La.R.S. 14:43.5.[1] The defendant subsequently pled guilty to one count of intentional exposure to the AIDS virus. At the guilty plea hearing, the State provided the factual basis for the charges, stating:

> Your Honor, with regard to count one, between the months of November 8, 2010 through December 8, 2010, he was in a relationship with someone who we will identify by the initials of [L.M.];[2] that they became involved in a sexual relationship. She had unprotected sex with him. It was after that, that she learned-- that she found paperwork that showed where he had been diagnosed and was positive for AIDS. And then an investigation-- she contacted law enforcement and then an investigation was conducted and subsequently he was actually charged with four counts because there were at least three other individuals.

---

[1] We observe that in *State v. Gamberella*, 633 So.2d 595, 602-03 (La.App. 1 Cir. 1993), *writ denied*, 94-200 (La. 6/24/94), 640 So.2d 1341 (footnote omitted), the first circuit discussed the legislature's use of the phrase "any acquired immunodeficiency syndrome (AIDS) virus," stating:

> Defendant further notes that the phrase "acquired immunity deficiency syndrome (AIDS) virus" is a misnomer because the actual virus is the human immunodeficiency virus (HIV). AIDS is not the virus but, rather, is a clinical syndrome which is diagnosed when a person, who is infected with the HIV virus, develops one of a certain list of infections. Despite the legislature's failure to correctly label the virus which causes AIDS, the language of the statute is not vague. As Dr. Brandon testified, although the medical community makes a distinction between a person being HIV positive and having AIDS, "people have called it for years the AIDS virus."

[2] The victim's initials are used pursuant to La.R.S. 46:1844(W).

The trial court accepted the defendant's guilty plea and, pursuant to a plea agreement, the State dismissed the other three counts of the indictment and additionally dismissed a new charge under docket number 69904.

The record indicates that the defendant was released on bail pending his sentencing hearing.[3] However, the trial court revoked the defendant's bail after being notified that the defendant had an outstanding warrant for one count of intentional exposure to the AIDS virus from Natchitoches Parish. Thereafter, at the sentencing hearing, the defendant's mother and the victim impact coordinator testified. After hearing the testimony and considering the pre-sentence investigation, the trial court imposed a sentence of eight years at hard labor served for the sole count of intentional exposure to the AIDS virus.

The defendant appeals, asserting that his sentence is unconstitutionally excessive.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. After reviewing the record, the court finds no errors patent.

*Excessive Sentence Claims*

The defendant asserts that his sentence is unconstitutionally excessive. In *State v. Jacobs*, 11-363, pp. 22-23 (La.App. 3 Cir. 10/5/11), 74 So.3d 884, 898-99, *writ denied*, 11-2469 (La. 3/9/12), 84 So.2d 552, a panel of this court reiterated the standard for reviewing excessive sentence claims, stating:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the

---

[3] One of the conditions of the defendant's bail was that he refrain from sexual intercourse.

reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

. . . .

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

Further, in considering the defendant's criminal history, the trial court may take into account not only prior convictions, but all evidence of prior criminal activity. *State v. J.S.*, 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185. In so doing, the trial court may consider evidence that would otherwise be inadmissible at trial, including

"records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed*." *Id.* at 1192.

Pursuant to La.R.S. 14:43.5(E)(1), "[w]hoever commits the crime of intentional exposure to [the] AIDS virus shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both." In *State v. Turner*, 05-78 (La.App. 1 Cir. 11/4/05), 927 So.2d 438, the defendant was charged with two counts of intentional exposure to the AIDS virus. The defendant subsequently pled guilty to both counts of the indictment. The trial court warned the defendant that if she failed to appear for an interview in connection with the pre-sentence investigation, she would not receive a sentence of probation. However, the defendant failed to appear for the interview and was unable to be contacted. Although the defendant in *Turner* was a first offender, the pre-sentence investigation recommended that, given her inability to comply with the trial court's orders, that a sentence of incarceration was appropriate. Noting that the defendant was "clearly aware" that she "'probably sentenced two other people to the death sentence,'" the trial court imposed a sentence of five years at hard labor on each count, to be served concurrently. *Id.* at 441. Based on the information in the record, the first circuit found that the defendant's sentence was not unconstitutionally excessive. *Id.*

Similarly, in *Gamberella*, 633 So.2d 595, the defendant was convicted of one count of intentional exposure to the AIDS virus. The state filed a habitual offender bill, and, after determining that the defendant was a second felony offender, the trial court sentenced the defendant to ten years at hard labor. The first circuit noted that the defendant's prior conviction was for attempted simple burglary and his probation had been revoked. The first circuit found that the defendant's sentence was not excessive, stating:

4

> [The defendant] did not inform the victim, did not inform his current girlfriend (until the time of his arrest), and did not inform his baby's doctor. Considering defendant's blatant disregard for the welfare of the women he was involved with sexually, the sentence chosen by the court is not grossly disproportionate to the crime or the needless imposition of pain and suffering.

*Id.* at 607.

Here, the trial court imposed a sentence of eight years at hard labor. At the sentencing hearing, the trial court noted that the defendant was a first felony offender, that he had a high school education, and that he had been employed since 2004. The defendant's mother and the victim impact coordinator both testified at the hearing. Additionally, the trial court was privy to a pre-sentence investigation.

The defendant specifically contends that the trial court erred in considering information regarding pending charges in other jurisdictions. In sentencing the defendant, the trial court stated:

> I know these are just mere allegations but on the PSI it says that on February 3, 2011 you were arrested in Natchitoches Parish and charged with the felony offense of intentional exposure of others to the AIDS virus. And then you entered a plea of not guilty in May of 2011. And then-- I don't see it in the pre-sentence investigation but I just want to say, and you may want to reschedule this, Mr. Washington, to look into it further, but it came to my attention-- I didn't talk to the detective but one of the detectives called my secretary, Martha Hagelin, and said that now there is a complaint coming out of Texas regarding the same type of charge. I don't know if it's been filed or not yet but I'm saying those things-- I'm not saying that-- here is a part of the problem I'm having and you don't have to say anything to me if you don't want to, Mr. Turner, is that I allowed you to plead guilty and I ordered a pre-sentence investigation to be conducted and then while you were out on bail I'm concerned that you may have exposed one or more females to the AIDS virus.

We note that the trial court is permitted to consider all criminal activity, both convictions and "records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed*." *State v. J.S.*, 63 So.3d at 1192. The record indicates that the defendant's post-conviction bail was revoked after the trial court learned that the

5

defendant had been charged with intentional exposure to the AIDS virus in Natchitoches Parish. At the sentencing hearing, the trial court expressed concern that, while out on bail, the defendant may have exposed other unsuspecting sexual partners to HIV. Accordingly, we find no merit to the defendant's argument in this regard.

The defendant's eight-year term of imprisonment is within the statutory guidelines. *See* La.R.S. 14:43.5(E)(1). Further, the record indicates that the defendant's sentencing exposure was significantly reduced by agreeing to the plea agreement. The record indicates that, in exchange for the defendant's guilty plea, the State agreed to dismiss the remaining three counts of intentional exposure to the AIDS virus, as well as a separate charge under a different docket number. Where the defendant pleads guilty to an offense which inadequately describes the entire course of the defendant's conduct, the trial court may consider the benefit to the defendant obtained by the plea agreement. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. This consideration is especially relevant in cases where the defendant's sentencing exposure is substantially reduced pursuant to the plea agreement. *Id.*

In light of the substantial benefit afforded the defendant pursuant to his plea agreement and the evidence in the record that the defendant may have committed the same offense for which he was charged in this case while out on post-conviction bail, the sentence imposed by the trial court is not grossly disproportionate to the crime or the needless imposition of pain and suffering. Accordingly, we find that the trial court did not abuse its discretion in fashioning the defendant's sentence.

This assignment of error is without merit.

**DECREE**

For the foregoing reasons, the conviction and sentence of the defendant, Patrick Darnell Turner, for intentional exposure to the AIDS virus, a violation of La.R.S. 14:43.5, is affirmed.

**AFFIRMED.**