CONERY, J.,
dissenting.
hi agree that the life sentence imposed on this defendant is unconstitutionally excessive based on the facts in the record before us. Under the habitual offender law, however, the seriousness of the underlying felony is but one factor to consider.
Here, an experienced prosecutor, for whatever reason on that particular day, did not provide a sufficient evidentiary basis to thoroughly and adequately support or justify a life sentence without parole. In addition, an even more experienced and capable trial judge did not articulate and explain on the record at resentencing that he considered and applied all the sentencing guidelines set out in La.Code Crim.P. art. 894.1. Nor did he fully explain clearly why he chose to impose the maximum sentence instead of a lesser sentence within the twenty year to life sentencing range.
Where, as in this case, the underlying felony is relatively minor, it is especially important that the evidence presented must be thorough and complete and the trial judge’s reasons clear as to why the *678 sentence imposed is appropriate for the particular defendant. On its face, a life sentence without parole, even though imposed pursuant to the habitual offender law for this fifth felony offender, [ ?is harsh and unconstitutionally excessive, especially considering that this defendant’s underlying conviction was for possessing a little over an ounce of marijuana as a second marijuana offender. I concur that the sentence must be reversed and the case remanded for resentencing.
I disagree with the majority’s directive that on remand the trial judge must impose a sentence “lower than the maximum.” The trial judge should have the discretion to impose a sentence within the sentencing range provided for by the legislature, twenty years to life without parole pursuant to La.R.S. 15:529.1(A)(4)(a) based on the evidence presented at resentencing.
Because one of the factors in this case is the relatively minor nature of the crime of possession of marijuana second, in order to withstand constitutional scrutiny, the sentence imposed on remand must be based on evidence that more completely and convincingly demonstrates why this defendant, for comprehensive and clearly articulated reasons, deserves the sentence the trial judge in his discretion may finally impose under the habitual offender law. On remand, the prosecutor, if he chooses to do so, should be given every opportunity to put on legally admissible and relevant evidence of the dangerousness of the defendant, including unadjudicated criminal charges and conduct, the aggravating circumstances of this crime, as well as factual evidence of all the underlying felony convictions upon which the habitual offender charge was based. On remand, the defendant should also be given every opportunity to put on mitigating evidence. The trial judge’s decision, as required by law, but especially in a case such as this, should be based on factual findings after a review of all the sentencing factors listed under La. Code Crim.P. art. 894.1, and should include clearly articulated reasons for the sentence eventually imposed within the legislatively approved ^sentencing range. See State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Todd, 03-1040, (La.App. 3 Cir. 2/4/04), 866 So.2d 1040, writ denied, 04-588 (La.7/2/04), 877 So.2d 143.
Under La.Code Crim.P. art. 894.1(B)(7), lack of prior criminal history can be considered as a mitigating factor. As a corollary, in State v. Brown, 410 So.2d 1043 (La.1982), the supreme court held that evidence of unadjudicated criminal conduct can be admissible at sentencing. In this ease, the state argued at sentencing that the defendant had been indicted by the grand jury for second degree murder, a factor that could be extremely relevant in sentencing. However, no evidence was introduced at sentencing on this issue and the trial judge said he did not consider that charge. Though evidence of unadju-dicated criminal conduct is admissible, in order to be useful and persuasive, a full factual basis for that conduct should be presented, and the trial judge should then closely evaluate and carefully examine the weight of the evidence on that issue. See Brown, 410 So.2d 1043; State v. J.S., 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185; State v. Turner, 12-688 (La.App. 3 Cir. 12/5/12), 103 So.3d 1258; State v. Billingsley, 13-11 (La.App. 3 Cir. 10/9/13), 123 So.3d 336.
I would not impose limits on the trial judge’s discretion at resentencing. A life sentence may, indeed, be constitutionally permissible if based on legally admissible and sufficient evidence and clearly articulated findings and reasons.