NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**17-1134**

STATE OF LOUISIANA

VERSUS

NELSON ZENO

AKA NELSON JOSEPH ZENO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2017-CR-151345
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Honorable Keith A. Stutes**
**District Attorney**
**Roya S. Boustany**
**Assistant District Attorney**
**15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**C. Cass Luskin**
**15th JDC, Public Defender Office**
**204 Charity Street**
**Abbeville, LA 70510**
**(337) 898-2090**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nelson Zeno**

**SAVOIE, Judge.**

On September 23, 2015, Defendant, Nelson Zeno, was charged by bill of information with simple burglary of an automobile in violation of La.R.S. 14:62, and with criminal trespass in violation of La.R.S. 14:63. On January 30, 2017, Defendant pled guilty as charged to both counts in exchange for the State's agreement not to charge Defendant as a habitual offender and recommendations to the Blue Walters Drug Treatment Program and to "Sheriff's Programs such as the Re-entry Program." A Presentence Investigation report (PSI) was ordered.

On May 26, 2017, Defendant received sentences of twelve years at hard labor and a $2,000 fine for the simple burglary conviction, and thirty days in jail and a $500 fine for the criminal trespass conviction. The sentences were to be served concurrently with credit for time served. The same day, Defendant filed a motion to reconsider the sentence, seeking a four-year sentence instead of twelve, and arguing that the trial court's sentence ignored mitigating factors. Said motion was denied without reasons on June 1, 2017.

On July 3, 2017, Defendant filed a "Post Conviction Motion for Out of Time Appeal," seeking to have his right to appeal reinstated on the ground that he never received notice of the trial court's denial of the motion to reconsider. On September 29, 2017, Defendant was granted an out of time appeal and now seeks review of his sentences described above. For the following reasons, we affirm.

## FACTS

Defendant stole two weed-eaters out of the back of a truck in a Wal-Mart parking lot. According to the PSI, Defendant had previously been banned from the Wal-Mart premises on three occasions. Upon learning that he was a suspect and that law enforcement was coming to speak with him, Defendant subsequently

assisted the officers in recovering the stolen weed-eaters, which were returned to the victim.

## ERRORS PATENT and PROCEDURAL ISSUE

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note that there is one error patent, one procedural issue, and one error in the minutes of sentencing that need correction.

First, there is a misjoinder in the bill of information. In the same bill of information, Defendant was charged with simple burglary of an automobile, which is a felony triable by jury, and criminal trespass, which is a misdemeanor not triable by jury. Because simple burglary may be punished at hard labor, Defendant was entitled to a jury trial composed of six jurors. *See* La.R.S. 14:62 and La.Code Crim.P. art. 782. Because criminal trespass is punishable by imprisonment for not more than thirty days and/or a fine of not less than $100 and not more than $500, Defendant was not entitled to a jury trial on that offense. *See* La.R.S. 14:63(G)(1) and La.Code Crim.P. art. 779. Thus, the offenses were not triable by the same mode of trial and should not have been charged in the same bill of information. *See* La.Code Crim.P. art. 493. However, because Defendant failed to file a motion to quash the bill of information based on the misjoinder, he waived any objection to the error. *See* La.Code Crim.P. art. 495; *State v. Anderson*, 08-962 (La.App. 3 Cir. 2/4/09), 2 So.3d 622, *writ denied*, 09-518 (La. 11/20/09), 25 So.3d 786; and *State v. Mallett*, 357 So.2d 1105 (La.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 848 (1979). Further, Defendant entered a guilty plea without reserving any objection to the misjoinder. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, the issue of misjoinder was waived.

Second, a procedural issue exists as to the proper mode of review for criminal trespass. Because the criminal trespass charge was not triable by a jury, the proper mode of appellate review is typically by writ rather than appeal. *See* La.Code Crim.P. art. 912.1. In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, this court severed a misdemeanor conviction for possession of marijuana from the defendant's appeal of two felony convictions. This court ordered the "defendant to file a writ of review regarding the possession of marijuana conviction in compliance with the Rules of Court." *Id.* at 289. In *Turner*, the court noted the defendant did not make any specific arguments regarding the misdemeanor conviction. In the present case, however, Defendant requests that the maximum sentences for both offenses to be vacated for excessiveness. We note that the trial court ordered the sentences to run concurrently; thus, the sentences are intertwined with one another. Accordingly, we will not not sever the misdemeanor conviction but will, in the interest of judicial economy, address the issue involving the misdemeanor conviction. *See State v. Runnels*, 12-167 (La.App. 3 Cir. 11/7/12), 101 So.3d 1046, *writ denied*, 13-498 (La. 7/31/13), 118 So.3d 1121; *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744; *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866.

We further note that the sentencing minutes incorrectly state Defendant was "not represented by Charles Luskin for the purpose of a Sentencing." The transcript reflects that Defendant's counsel, C. Cass Luskin, was, in fact, present and represented Defendant at the sentencing hearing. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01),

797 So.2d 62. Accordingly, the trial court is ordered to correct the sentencing minutes to accurately reflect Defendant's counsel was present and represented Defendant at sentencing.

## DEFENDANT'S ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that the trial court erred in giving him maximum sentences for his crimes. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines regarding review for excessive sentence:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has

4

wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Under La.R.S. 14:62(B), "[w]hoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." Accordingly, Defendant's twelve-year sentence and $2000 fine represent a maximum sentence.

Defendant argues to this court, as he did in his motion to reconsider sentence, that the maximum sentence for simple burglary is excessive because the trial court failed to consider as mitigating factors the minor nature of the crime, the

5

lack of any actual harm to the victim whose property was returned to him, Defendant's rough up-bringing and its contribution to his never-ending criminal behavior, and the fact that Defendant's daughter will provide a support structure he has never before had.

As the supreme court has made clear, "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in [La.Code Crim.P.] art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). The trial court recognized as a mitigating factor Defendant's admission of guilt, though he noted Defendant had told the police that he believed he committed a theft, not a burglary. The trial court also heard argument from defense counsel pertaining to all the issues raised in the motion to reconsider. Additionally, the trial court heard argument from the State suggesting that the victim accepted that the court knew Defendant better than he did, and noting that sentencing had been reset so that Defendant's daughter, whom Defendant claimed would be helping him going forward, could attend. However, she did not attend sentencing, and there was no documentary evidence suggesting that she would be helping Defendant. The State argued that the trial court should adopt the PSI recommendation of a maximum, twelve-year sentence, noting it agreed not to charge Defendant as a habitual offender despite his lengthy history.

The trial court, in sentencing Defendant, noted:

I had to scratch to try and find something in mitigation because there's a lot in aggravation. Your record is about the worst I have ever seen and I have been a judge for 27 years and practiced law, including a heavy criminal practice, for about seven years before that. So that in over 40 years of professional work in the criminal justice system I haven't had anybody with as many convictions as you have. . . . You had 27 misdemeanor and 12 felony convictions, but by the way of the

6

calculations you are considered to be a tenth felony offender. That is your official presentation considering what happened when and the types of offenses and that sort of thing. Any way you slice it, it's a life of crime. You don't deny that, that it's been a life of incarceration for you even if you don't claim a life of actual crime. Some of the offenses included weapon's [sic] offenses and crimes against persons. There was a sex offense in there. Your parole was revoked 13 times and you were under parole and probation supervision for over 17 times. You did receive a substantial benefit from the plea bargain. You did state that the reason you committed this crime was because you wanted to go to jail and in that little -- not trying to be facetious -- that's where I am going to send you. I am going to give you that wish and send you to jail because anything less than that would deprecate the seriousness of the crime and your life of crime that you have led. And Mr. Luskin did an outstanding job of mitigation and trying to present you in the best possible light, and I commend his work on that, but it just can't change the facts in this case [.]

It is clear from the record that the trial court considered the factors of La.Code Crim.P. art. 894.1 and found Defendant's extensive criminal history to be the most important factor in shaping a particularized sentence for Defendant.

Defendant also argues that his crime does not support a maximum sentence, citing *State v. Jones*, 398 So.2d 1049, 1053 (La.1981), and its statement that "[m]aximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender." As noted by the trial court above, Defendant's criminal history is arguably sufficient on its own to justify a maximum sentence. Additionally, this court has previously found that a trial court may consider the benefit to a defendant obtained by his plea deal, noting "[t]his consideration is especially relevant in cases where the defendant's sentencing exposure is substantially reduced pursuant to the plea agreement." *State v. Turner*, 12-668, p. 6 (La.App. 3 Cir. 12/5/12), 103 So.3d 1258, 1262.

As the State noted at sentencing, it agreed not to charge Defendant as a habitual offender as part of his plea deal. We note that, had Defendant been

7

habitualized as a tenth felony offender, La.R.S. 15:529.1(A)(4)(a), as it stood at the time, would have required Defendant to serve "a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." As such, his plea deal cut his potential sentencing exposure from a range of twenty years to life down to a maximum of twelve years.

Finally, Defendant argues that his case is similar to *State v. Johnson*, 16-259 (La.App. 4 Cir. 12/21/16), 207 So.3d 1101, *writ denied*, 17-119 (La. 2/2/18), 233 So.3d 616. In *Johnson*, the defendant was convicted of simple burglary for reaching into a police "bait-vehicle" and taking $15. The defendant was subsequently adjudicated a fourth felony offender and sentenced to serve life in prison. The fourth circuit vacated the defendant's sentence as excessive and remanded for resentencing, ordering the trial court to order a PSI and to hold a thorough sentencing hearing, as neither was done initially.

*Johnson* is, however, distinguishable from Defendant's case, as the only actual similarity is the crime committed itself. The *Johnson* defendant was nearly twenty years younger than Defendant, had only four felony convictions total, was adjudicated a habitual offender, and had been sentenced to life imprisonment. Defendant, on the other hand, has three times as many felony convictions as the *Johnson* defendant, has not been habitualized, and is not facing a life sentence. Additionally, unlike the *Johnson* defendant, Defendant had the benefit of a PSI and a sentencing hearing at which his counsel was able to present mitigating evidence.

Although Defendant sought a four-year sentence in his motion to reconsider, the relevant question is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Humphrey*, 445 So.2d 1155, 1165 (La.1984). In light of the immense benefit

8

Defendant received through his plea deal and his extensive criminal history, we cannot say that the trial court abused its discretion in sentencing Defendant to a maximum, twelve-year sentence for simple burglary.

We note that Defendant technically also seeks review of his thirty-day sentence and $500 fine for criminal trespass. As Defendant's sentences are to run concurrently and we have found that his twelve-year sentence for simple burglary is not excessive, we do not address Defendant's inconsequential criminal trespass sentence.

## DECREE

Defendant's convictions and sentences are affirmed. The trial court is ordered to correct the sentencing minutes to accurately reflect Defendant's counsel was present and represented Defendant at sentencing.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.