# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 17-623


**STATE OF LOUISIANA**

**VERSUS**

**DUSTIN R. MCGOWAN**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2015-1016
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**SENTENCES VACATED, REMANDED FOR RESENTENCING.**

**Thomas L. Lorenzi**
**Lorenzi & Barnatt, LLC**
**518 Pujo Street**
**Lake Charles, Louisiana 70601**
**(337) 436-8401**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Dustin R. McGowan**

**Annette Fuller Roach**
**Roach & Roach, APLC**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Dustin R. McGowan**

**Herbert Todd Nesom**
**District Attorney**
**Joe Green**
**Assistant District Attorney**
**33rd Judicial District Court**
**Post Office Box 839**
**Oberlin, Louisiana 70655**
**(337) 639-2641**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**State of Louisiana**

**CONERY, Judge.**

Defendant, Dustin McGowan, was charged by bill of information with possession of methamphetamine, possession of alprazolam, operating a vehicle while under the influence of alcohol, second offense, two counts of vehicular negligent injuring, and possession of drug paraphernalia. Defendant entered an open-ended plea of nolo contendere to the charge of possession of methamphetamine and the two charges of vehicular negligent injuring, with the remaining charges being dismissed. The trial court ordered a pre-sentence investigation report at the request of counsel and after a sentencing hearing, Defendant was sentenced to serve four years in the Department of Corrections with all but eighteen months suspended for possession of methamphetamine. He was placed on three years of supervised probation, and ordered to pay a $2,000.00 fine, subject to the conditions set forth in La.Code Crim.P. art. 895, and other special conditions. Upon release, Defendant was ordered to be **placed on one year of home incarceration**. On each charge of vehicular negligent injuring, Defendant was sentenced to serve ninety days in the parish jail to run concurrently with each other and concurrently with the sentence above. Defense counsel filed a motion to reconsider sentence, which was denied by the trial court. Defendant is before this court appealing his sentences. For the following reasons we vacate Defendant's sentences and remand to the trial court for resentencing.

## FACTS:

On or about May 13, 2014, a vehicle driven by Defendant struck the rear of a school bus resulting in injuries that formed the basis of two charges of vehicular negligent injuring. Blood testing done pursuant to a search warrant revealed the

presence of methamphetamine in Defendant's system. Methamphetamine residue was found in a smoking device in the vehicle.[1]

**ERRORS PATENT & PROCEDURAL ISSUE:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. First, there was a misjoinder of offenses in the bill of information. The bill of information charged Defendant with the following: Count (1) possession of methamphetamine, a violation of La.R.S. 40:967(C)(2); Count (2) possession of alprazolam, a violation of La.R.S. 40:969(C)(2); Count (3) driving under the influence of alcoholic beverages, second offense, a violation of La.R.S. 14:98; Counts (4) and (5) vehicular negligent injuring, violations of La.R.S. 14:39.1; and Count (6) possession of drug paraphernalia, a violation of La.R.S. 40:1023(C) and 40:1025.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances if the offenses joined are triable by the same mode of trial. Counts 1 and 2 were properly joined in the bill of information, but the remaining counts were misdemeanors, and joinder with Counts 1 and 2 was improper. La.Code Crim.P. art. 779. Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses as required by law. La.Code Crim.P. art. 495. Additionally, by entering an unqualified plea of nolo contendere, Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976); *State*

---

[1]Information regarding the presence of methamphetamine in Defendant's system and the residue in his vehicle was obtained from the sentencing transcript. The toxicology report provided in discovery indicated the presence of Diazepam, Nordiazepam, and Methamphetamine.

*v. Peters,* 546 So.2d 829 (La.App. 1 Cir.), *writ denied*, 552 So.2d 378 (La.1989). Thus, this error is precluded from review.

Next, because the two counts of vehicular negligent injuring were not triable by jury, the proper mode of appellate review for these offenses is an application for writ of review rather than an appeal. La.Code Crim.P. art. 912.1.

Defendant specifically raises excessiveness of the misdemeanor sentences, and the two sentences are running concurrently with the felony sentence. Accordingly, this court finds it should not sever the misdemeanor convictions. Rather, in the interest of judicial economy, this court will address the issues involving the misdemeanor sentences as if the issue was before the court on supervisory writs. *State v. Williams,* 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744. Because of the remand order, we will not address the merits of the alleged excessive misdemeanor sentences at this time.

## ASSIGNMENT OF ERROR NOS. 1 & 2:

Defendant contends the trial court failed to adequately and sufficiently consider the aggravating and mitigating factors set forth in La.Code Crim.P. art. 894.1 and in failing to particularize the sentences to Defendant. Defendant additionally claims the trial court erred in relying on two prior DWI arrests for which the trial court had scant details and was unable to evaluate and examine the weight of the evidence as to each arrest. He notes that although evidence of unadjudicated criminal conduct can be admitted at sentencing, if useful, a full factual basis for the prior unadjudicated conduct should be presented.

At sentencing, the judge stated the following reasons before imposing Defendant's sentences (emphasis added):

3

There is [sic] probably a lot of people out there that would enjoy sentencing you under these circumstances to a long time. I don't - - I don't get pleasure of it. I have the benefit of having over twenty years experience in doing criminal defense work. I appreciate, I understand that you have support and love for your family. I have read all of these - - I have read the letters that were sent, seen the photographs that were submitted. I will make this comment because it was mentioned in here, a lot of people, evidently, on Facebook had some very nasty ugly things to say about you as a result of this. If - - this is from the perspective that I also have to consider as well, if it would have been someone else who has - - **and of course this record shows that this is a fourth arrest for DWI, I know that there has been an expungement and a dismissal and a pre-trial diversion and all of that stuff, I don't know the facts of all that because for the expungement the records have been, I guess, expunged. But the record does show that this is a fourth arrest for DWI. Under those circumstances if somebody else, God forbid, would have run into a school bus with children or even worse maybe strike a kid getting off of the school bus, and if that child would have been a family member of yours, all of these people that are supporting of you would have been - - very much assume a different position**. My experience is - - and I have no doubt I see this, they are all saying that you are a good person, a decent, kind, good person. But that is kind of the usual. And I am not saying anything otherwise. But I have experience that when something like this happens to a family member, you know they are wanting leniency. They want the Court to understand that this person is a good and decent person, where as [sic] everybody else is saying something different. I am gonna [sic] sentence you as follows. I want - - this also concerns me, Mr. McGowan, I know that according to these reports and stuff you have changed, it seems like you are maturing, you are growing up. You are 30 years old. But Mr. McGowan, you just - - got your girlfriend pregnant, and you don't have a job, you don't have transportation, and you didn't marry her. So, that kind of tells me that you still got [sic] some maturity issues as well, that you might need a little bit more growing up to do. I hope the best for you. The Court was inclined to sentence you, since this is a fourth arrest for DWI, the Court was inclined or considered sentencing you just like you received a fourth offense DWI. And a fourth offense DWI says ten to thirty years. Two years of that is not to be suspended. Five thousand dollar fine. That sentence would be a reasonable sentence under your circumstances, assuming that you were guilty of those other three DWIs that you were arrested for. I don't know that. I am not making a comment whether you were guilty or not. I will make this observation. If this is the fourth time that you have been arrested for a DWI, how many dozens and dozens of time [sic] have you gotten behind the wheel impaired and not gotten caught. The Court is not gonna [sic] sentence you however, as a fourth offense DWI, **but the**

4

**Court will sentence you for the most part as if this were a third offense DWI.**

For possession of methamphetamine, the court sentenced Defendant to four years with the Louisiana Department of Corrections with all but eighteen months suspended. Upon release from physical custody, Defendant was ordered to serve three years of supervised probation with one year of home incarceration. He was ordered to pay a $2,000.00 fine and court costs, but no payment schedule was ordered.

Defense counsel objected to the court's reference to Defendant's lack of a job and transportation, and also that he got his girlfriend pregnant without marrying her. Counsel also directed the court's attention to the 1099 forms provided to the court to show that Defendant was in fact employed. The court, after noting that the employment was with Defendant's father, stated, "I may have misspoken." Defense counsel further noted that Defendant has a vehicle, but because his driver's license was suspended, his ability to obtain other gainful employment was adversely affected. Defendant was also unable to pursue out-patient treatment because he had no driver's license. Finally, defense counsel noted that Defendant is in a committed relationship and raising a child with his girlfriend, and there should have been no reason why the two had to marry for Defendant to receive a different sentence from the court.

Counsel further contended it was unreasonable to sentence Defendant as though he were a third DWI offender. First, his DWI charge in this case had been dismissed, as there was no alcohol in his system. Second, even assuming he could have been charged with DWI due to the drugs in his system, at most he would have been a second offender. To this, the court responded:

5

I am not sentencing him as a third offender. **What I am saying is, that based on three prior arrest[s] that has something to do with the sentence he received.** The Court did not give him a suspended sentence. And I am try[ing] to articulate some of the reasons why I have not done that. I have taken into consideration prior activities. And the Court does feel that - - that perhaps there is a showing of irresponsibility, I know, that by some of his actions since he has been arrested.

Defense counsel then argued that the trial court cited Defendant's lack of responsibility in imposing the sentence and that irresponsibility is not an appropriate sentencing factor under La.Code Crim.P. art. 894.1. Further, for the trial court to follow the sentencing provision of the third offense DWI statute as a basis for the sentence imposed for a small amount of methamphetamine deprives Defendant of the presumption of innocence regarding any of the prior charges for which he was not convicted. Even if the court believed Defendant would not respond favorably to probationary treatment, it disregarded evidence that Defendant went through rehabilitation. Also, counsel noted that some of Defendant's toughest critics were now his biggest supporters. Finally, counsel argued that Defendant should not have been punished based on people's fears, as articulated by the trial court, but only for his actual conduct, which in this case resulted in minimal or negligible injuries for which the damages had been paid. The court responded by noting that an eighteen month sentence is in the lower range and some of the reasons Defendant relied on were aggravating circumstances which did not support a fully suspended sentence. The court gave no additional reasons prior to imposing maximum misdemeanor sentences for the two counts of vehicular negligent injuring, to run concurrent with the felony sentence for possession of methamphetamine.

At the hearing on the motion to reconsider sentence, the court explained that his comment regarding Defendant's irresponsibility stemmed from the irresponsibility of bringing a child into the world when facing pending charges and pleading straight up. Under these circumstances, there is a possibility of jail time which would result in the offender being unavailable to care for the child. The court again noted that it was not sentencing Defendant for a third offense DWI, acknowledging that this case does not require proof of the two prior offenses beyond a reasonable doubt. The judge explained that he was aware that the first DWI was expunged and another was dismissed. However, he felt the DWI penalties take into account the addiction issue when a person continues operating a motor vehicle. Thus, he felt it was fitting that Defendant be sentenced similarly to what is required for a DWI third offense.

Defendant complains of the trial court's following actions: disregarding letters of support because they were written by family and friends; considering negative comments made on Facebook when Defendant had no opportunity to confront those making the comments; discrediting Defendant's wages because they were earned by working for his father; the court's consideration of Defendant's past arrests without a full factual basis for those arrests in the record; the public's "face book outcry" based on concerns of what *could* have happened; and the court's perception that Defendant was immature and irresponsible due to his lack of transportation, lack of a job, and fathering a child out of wedlock.

Rather, Defendant contends that the trial court should have considered in mitigation the small amount of methamphetamine residue found on a smoking device in Defendant's truck, Defendant's strong family and friends support system, his need to support his infant son, his lack of prior felony convictions, steps taken

7

to obtain treatment for substance abuse, his acceptance of responsibility by entering a plea, the nominal damage and minimal injury to the victims, the lack of a civil suit filed as a result of the accident, and the negative random drug screens between his drug treatment program and sentencing. Defendant contends the trial court erred in considering as aggravating factors the situation concerning Defendant's child and the child's mother instead of viewing them as mitigating factors, i.e., that becoming a father has made Defendant a changed man; that Defendant did not abandon his girlfriend or demand she abort the unborn child; and that he has made a home for his family and takes available work to support his family.

Defendant also points out that the Louisiana Legislature made significant changes in the 2017 regular session to provide that possession of less than two grams of a Schedule II drug was now imprisonment with or without hard labor for not more than two years, reduced from the maximum period of five years at hard labor applicable to Defendant.

In this case, a "near maximum" sentence was imposed for possession of methamphetamine residue found on a smoking device in defendant's vehicle. Defendant argues that the trial court failed to specifically articulate the reasons for the sentences imposed under La.Code Crim.P. art 894.1, and failed to show it gave adequate consideration to the mitigating factors. Defendant contends his sentence should be set aside and the case remanded for resentencing. We agree.

In *State v. Spencer*, 00-1335, pp. 10-11 (La.App. 3 Cir. 2/28/01), 781 So.2d 780, 788, a case cited by Defendant in his brief, this court stated:

> As we stated in our first opinion, the trial court's wide discretion in imposing a sentence within statutory limits is subject to an abuse of discretion standard on review. [*State v. Hopkins*, 96-1063, p. 6

8

(La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541]. Additionally, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing." *Id.*

The record before us contains a significant amount of factual evidence for the trial court to consider in sentencing the defendant. However, as is evidenced from our findings in our first opinion, much of that evidence is mitigating in nature. It is simply not clear from the information before us which factors the trial court relied on in determining that this crime justifies imposition of the maximum incarceration sentence. While it can be argued that the effect of the sentence imposed is significantly diluted by the trial court's suspension of all but three years, the defendant still faces its maximum effect if he does not respond affirmatively to supervised probation.

As we stated in *Manuel*, 722 So.2d at 35:

> [C]ompliance with La.Code Crim.P. art. 894.1 is not an academic exercise. Among the benefits of the trial court's compliance is that the reviewing court becomes aware of the trial court's specific factual findings relied upon in the sentencing process. Such awareness provides the reviewing court with the trial court's credibility analysis as well as other factors which may not appear from the cold record. Mere conclusory comments are of no help and cause the reviewing court to evaluate the sentencing issue in a vacuum.

Our obligation on review is not to impose sentence but to remand to the trial court for resentencing. La.Code Crim.P. art. 881.4(A). If we choose to do so, we "may give direction to the trial court concerning the proper sentence to impose." *Id.* We do find it necessary to again set aside the defendant's sentence and remand this matter to the trial court for resentencing. In doing so, we also feel compelled to give the trial court direction in resentencing. However, we wish to make it clear that we do not necessarily require the trial court to impose a lesser sentence. Rather, we direct the trial court to resentence the defendant to a sentence it considers appropriate and, in doing so, to state for the record both the considerations and factual basis taken into account in the sentencing. We direct the trial court to specifically consider the grounds set forth in La.Code Crim.P. art. 894.1(B) based on the factual basis it determines applicable.

Defendant additionally contends the trial court erred in sentencing him as though he had been convicted of third offense DWI when he did not plead guilty to DWI and neither of the two prior arrests for DWI were proper predicate offenses

9

which would subject him to sentencing as a third offender. In sentencing a defendant, a court may consider prior arrests and *nolle prossed* offenses. *State v. J.S.*, 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185.

However, in support of his position that consideration of the prior DWI arrests was improper in the absence of a full factual basis for each arrest, Defendant cites the dissent in *State v. Daye*, 13-1456 (La.App. 3 Cir. 5/7/14), 139 So.3d 670. In *Daye,* the dissenting judge noted:

> Because one of the factors in this case is the relatively minor nature of the crime of possession of marijuana second, in order to withstand constitutional scrutiny, the sentence imposed on remand must be based on evidence that more completely and convincingly demonstrates why this defendant, for comprehensive and clearly articulated reasons, deserves the sentence the trial judge in his discretion may finally impose under the habitual offender law. On remand, the prosecutor, if he chooses to do so, should be given every opportunity to put on legally admissible and relevant evidence of the dangerousness of the defendant, including unadjudicated criminal charges and conduct, the aggravating circumstances of this crime, as well as factual evidence of all the underlying felony convictions upon which the habitual offender charge was based. On remand, the defendant should also be given every opportunity to put on mitigating evidence. The trial judge's decision, as required by law, but especially in a case such as this, should be based on factual findings after a review of all the sentencing factors listed under La.Code Crim.P. art. 894.1, and should include clearly articulated reasons for the sentence eventually imposed within the legislatively approved sentencing range. *See State v. Johnson*, 97-1906 (La.3/4/98), 709 So.2d 672; *State v. Todd*, 03-1040, (La.App. 3 Cir. 2/4/04), 866 So.2d 1040, *writ denied*, 04-588 (La.7/2/04), 877 So.2d 143.

> Under La.Code Crim.P. art. 894.1(B)(7), lack of prior criminal history can be considered as a mitigating factor. As a corollary, in *State v. Brown*, 410 So.2d 1043 (La.1982), the supreme court held that evidence of unadjudicated criminal conduct can be admissible at sentencing. In this case, the state argued at sentencing that the defendant had been indicted by the grand jury for second degree murder, a factor that could be extremely relevant in sentencing. However, no evidence was introduced at sentencing on this issue and the trial judge said he did not consider that charge. **Though evidence of unadjudicated criminal conduct is admissible, in order to be useful and persuasive, a full factual basis for that conduct should be presented, and the trial judge should then closely evaluate and**

10

**carefully examine the weight of the evidence on that issue.** *See Brown*, 410 So.2d 1043; *State v. J.S.*, 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185; *State v. Turner*, 12-688 (La.App. 3 Cir. 12/5/12), 103 So.3d 1258; *State v. Billingsley*, 13-11 (La.App. 3 Cir. 10/9/13), 123 So.3d 336.

*Daye*, 139 So.3d at 678. (emphasis added). The Louisiana Supreme Court adopted the reasoning of the dissent in its 2015 review and reversal of *Daye*.

In this case, the trial court considered evidence of prior DWI charges as aggravating factors with no factual basis in the record for these prior charges. The court focused on an expunged DWI with no evidence of the factual basis for the charge. Likewise a DWI offense while Defendant was a minor likewise was considered with no factual basis in the record as to what occurred. Defense counsel argued that particular case had been dismissed in exchange for community service as defendant had a blood alcohol level below the legal limit. We note that the charge of operating a motor vehicle while under the influence of alcohol in this case was also dismissed. Defendant's blood test results showed no alcohol in his system, and there was no expert testimony as to the level of methamphetamine in Defendant's system and what effect, if any, it may have had on Defendant's driving in this case. While the record reflects that Defendant did hit the bus and appeared to the officer to be unsteady on his feet, there was insufficient evidence to determine that Defendant was guilty of driving while intoxicated, and the state dismissed that charge in this case.

In reviewing the sentence in this case, we find that the trial judge may have placed too much emphasis on what "could have happened," and improperly considered prior DWI arrests, one which had been expunged, and one as a minor which was dismissed. There was no proper factual basis as to any of the prior charges as required by *Daye*, 162 So.3d 371.

11

Based on the foregoing reasons, we find that the trial court did not adequately consider and make proper findings as to the aggravating and mitigating factors provided by La.Code Crim.P. art. 894.1. We vacate Defendant's sentences, and remand the case to the trial court for resentencing. In imposing the sentence the trial court considers appropriate, it must state for the record both the considerations and factual basis taken into account at the sentencing for all applicable aggravating and mitigating factors provided by law. The penalty provision in effect at the time of the commission of the offense applies to this case in principle. *State v. Wilson*, 02-700, (La.App. 3 Cir. 12/18/02), 833 So.2d 560, *writ denied*, 03-216 (La. 5/2/03), 842 So.2d 1100, *cert. denied*, 540 U.S. 952, 124 S.Ct. 393 (2003). Though not required to do so, the trial court is permitted to consider the ameliorative changes enacted by the 2017 amendment to the penalty provision in keeping with the spirit of the reforms articulated. It may likewise consider as a mitigating factor whether Defendant has been in drug treatment and/or has been drug free since the incident in question.

**ASSIGNMENT OF ERROR NO. 3:**

Defendant's third assignment of error contends that his sentence for possession of methamphetamine is indeterminate in that conditions of home incarceration were not imposed. We agree. This court notes that at resentencing, if home incarceration is ordered, the trial court must comply with all of the requirements set forth in La.Code Crim.P. art. 894.2.

Defendant additionally claims his sentences are excessive in that they are nothing more than needless infliction of pain and suffering. This claim is rendered moot by our order vacating Defendant's sentences and remanding for resentencing.

**CONCLUSION**

Defendant's sentences for possession of methamphetamine and vehicular negligent injuring are hereby vacated and this case is remanded for resentencing by the trial court to sentences it considers appropriate in accordance with the views expressed herein, stating for the record both the considerations and factual bases taken into account in the sentencing in accordance with La.Code Crim.P. art. 894.1 and the decision in *Daye*. Further, if the trial court once again chooses to impose a sentence that includes home incarceration, the trial court must comply with all of the requirements set forth in La.Code Crim.P. art. 894.2. Additionally, we note that if payments of a fine and court costs are imposed as conditions of probation, a payment plan must be established by either the trial court or the Department of Probation and Parole with approval by the trial court. *See State v. Arisme*, 13-269 (La.App. 3 Cir. 10/09/13), 123 So.3d 1259.

**SENTENCES VACATED, REMANDED FOR RESENTENCING.**