STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-80

STATE OF LOUISIANA

VERSUS

HARRISON L. LEE

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 17-1849
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Candyce G. Perret and
Jonathan W. Perry, Judges.

**Perry, J., concurs in part, dissents in part, and assigns reasons.**

**AFFIRMED IN PART; REVERSED IN PART;**
**AND REMANDED WITH INSTRUCTIONS.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA   70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Harrison L. Lee**

**J. Reed Walters**
**District Attorney**
**Post Office Box 1940**
**Jena, LA   71342**
**(318) 992-8282**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana**

**PERRET, Judge.**

Defendant, Harrison L. Lee, was convicted of two counts of distribution of methamphetamine, for which he was sentenced to two, consecutive nine-year sentences. Defendant appeals alleging that the sentences are excessive, not individualized to him, and that the consecutive nature is improper. On appeal, we affirm in part, reverse in part, and remand the matter to the trial court with instructions to impose concurrent sentences.

## FACTUAL AND PROCEDURAL BACKGROUND:

On December 14, 2017, the State filed a Bill of Information charging Defendant, Harrison L. Lee, with three counts of distribution of methamphetamine, violations of La.R.S. 40:964 Sch. II(C)(2) and 40:967(A)(1). Defendant initially pled not guilty on January 8, 2018; however, on September 21, 2018, as part of a blind plea, Defendant pled guilty to two counts of distribution of methamphetamine. The third count was dismissed as part of the plea. The State provided the following factual basis at the plea hearing:

> [T]he defendant was in La Salle Parish on May 15, 2017[,] and May 17, 2017, respectively. In both of those instances he uh, he came into contact with an operative who was working for La Salle Parish Sheriff's Office. Uh, sold him methamphetamine in each of those occasions. The uh, the methamphetamine that was received from him was analyzed at the North Louisiana Criminalistics Laboratory. . . . And it was determined to be methamphetamine.

After advising Defendant of his rights related to trial and being satisfied that Defendant understood those rights, the trial court determined Defendant's plea was free and voluntary and accepted Defendant's plea. A Pre-Sentence Investigation ("PSI") was then ordered.

On December 4, 2018, Defendant was sentenced to nine years at hard labor on each count, the sentences to run consecutively. Defendant was also ordered to

pay court costs and one hundred and fifty dollars for the PSI preparation.

On December 6, 2018, counsel for Defendant filed a Motion to Reconsider Sentence, which was set for hearing on February 5, 2019. Defendant also filed a pro se Motion for Reconsideration of Sentence Pursuant to La. C.Cr.P. Article 881.1 of the Louisiana Code of Criminal Procedure, dated January 2, 2019, which was set for the same date. At the February 5, 2019 hearing, counsel was relieved from representing Defendant due to a conflict of interest. The trial court then denied Defendant's pro se motion. On that same day, Defendant filed a Motion for Appeal. The Motion to Reconsider Sentence filed by counsel was still pending when the appeal was lodged.

On July 17, 2019, this court remanded the case to the trial court for disposition on the counsel-filed Motion to Reconsider Sentence. *See State v. Lee*, 19-209 (La.App. 3 Cir. 7/17/2019) (unpublished opinion). Thereafter, the trial court denied the motion on November 5, 2019.

Defendant now appeals the denial of the counsel-filed Motion to Reconsider Sentence and asserts three assignments of error: (1) the trial court erred in imposing consecutive nine-year sentences, which are excessive under the facts; (2) the trial court failed to individualize the sentences to Defendant; and (3) the trial court erred in imposing consecutive sentences in the absence of particular justification therefore.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we have determined that there are no errors patent.

## ANALYSIS:

In *State v. James*, 15-414, pp. 2-4 (La.App. 3 Cir. 10/7/15), 175 So.3d 1176, 1178, *writ denied*, 15-2059 (La. 1/9/17), 208 So.3d 876, and *writ denied*, 15-2044 (La. 1/9/17), 214 So.3d 858, this court reiterated the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.
>
> *State v. Barling*, 00–1241, 00–1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01–838 (La.2/1/02), 808 So.2d 331 (citations omitted).
>
> . . . .

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith,* 02–719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03–562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith,* 433 So.2d 688, 698 (La.1983) (citing *State v. Ray,* 423 So.2d 1116 (La.1982); *State v. Keeney,* 422 So.2d 1144 (La.1982); *State v. Duncan,* 420 So.2d 1105 (La.1982)). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *State v. Quebedeaux,* 424 So.2d 1009, 1014 (La.1982) (citing *State v. Jones,* 398 So.2d 1049 (La.1981)). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

In his first assignment of error, Defendant argues that consecutive nine-year sentences are excessive considering he sold a small amount of methamphetamine to a confidential informant who is also his friend. In his second assignment of error, Defendant argues that his sentence is excessive because the trial court failed to individualize his sentences as required by La.Code Crim.P. art. 894.1. Defendant argues these assignments together and asserts that the aggregate eighteen-year sentence is excessive considering all mitigating factors and ameliorative changes. He asks that this court vacate the trial court's order of consecutive sentences and remand the case for the imposition of lesser concurrent sentences.

Defendant was convicted of two counts of distribution of methamphetamine, an offense punishable by a minimum sentence of two years imprisonment and a maximum sentence of thirty years imprisonment, in addition to a maximum fine of fifty thousand dollars. *See* La.R.S. 40:967(B)(1)(eff. 8/15/08–7/31/17). [1]

---

[1] Louisiana Revised Statutes 40:967 was amended effective August 1, 2017. However, Defendant committed these offenses in May of 2017, subjecting himself to the prior version of La.R.S. 40:967, which provided a possible sentencing range of two to thirty years and a fine of fifty thousand dollars.

Defendant was sentenced within the statutory range, his sentence being nine years on each count, court costs, and one hundred and fifty dollars for the PSI preparation.

The general rule for concurrent versus consecutive sentences set forth in La.Code Crim.P. art. 883:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Article 1, § 20 of the Louisiana Constitution prohibits excessive or unusual punishment. The factual situation in this case fits what Article 1, § 20 is designed to prevent. These two small transactions occurring only two days apart and involving small amounts of methamphetamine constitute parts of a common scheme. Louisiana Code of Criminal Procedure, Article 883 directs that the terms of imprisonment shall be concurrent unless the court expressly directs that they be served consecutively.

In support of his request that the consecutive sentences should be vacated, Defendant cites *State v. Nixon*, 51,319 (La.App. 2 Cir. 5/19/17), 222 So.3d 123, *writ denied*, 17-966 (La. 4/27/18), 239 So.3d 836, wherein the Second Circuit found that the consecutive nature of three, twenty-year sentences for three counts of distribution of a small amount of controlled dangerous substance was excessive. In *Nixon*, the defendant was convicted of two counts of distribution of marijuana and one count of distribution of cocaine to a confidential informant for a combined sum of less than $100; the trial court imposed twenty-year sentences on each count

to run consecutively—an aggregate sentence of sixty years, and a de facto life sentence for the forty-two-year-old defendant. The second circuit held that, although the sentences were not unconstitutionally excessive, the trial court's order that the sentences imposed be served consecutively was unconstitutionally excessive. The second circuit reasoned that the sixty-year sentence was disproportionate to the offenses and imposed a purposeless and needless infliction of pain and suffering.

It is undisputed that on May 15, 2018, and May 17, 2018, Defendant sold methamphetamine to his friend and confidential informant, Jason Kittlin. Although the substance was not weighed by the North Louisiana Crime Lab, the current record indicates that the informant purchased methamphetamine from Defendant for fifty-five dollars on May 15th and no more than one hundred dollars on May 17th.[2]

The trial court stated that it considered La.Code Crim.P. art. 894.1 along with Defendant's criminal history and individual circumstances. The trial court noted: "That's not a record, necessarily, of a guy who is going on the straight and narrow. By my count, since 1983 you have been arrested or sited [sic] at least fifty-two times. For criminal activity. That's unacceptable[.]" Additionally, the trial court noted that the PSI is "unremarkable" as it pertains to Defendant's social history. Defendant is the oldest of five siblings and the father of three children. Further, Defendant studied carpentry at trade school; the trial court considered Defendant a potential "productive member of society, if [he] so chooses[s]," since Defendant stated that he had no problem finding a job. Finally, the trial court

---

[2] The record indicates that the informant was given one hundred dollars to negotiate the purchase of methamphetamine from Defendant on May 17, but the exact amount used in the purchase is not indicated.

6

observed: "You are showing zero remorse and responsibility for the steps that you took."

Although the trial court focused on the length of Defendant's criminal record, we note on appeal that the convicted offenses involving controlled substances are over fifteen years old. Additionally, many of the offenses show dispositions of *nolle prossed*, no record found, no disposition, or dismissed. Furthermore, Defendant has held employment and has trade school education, supporting the idea that he can be a productive member of society. Defendant was fifty-seven years old at the time of sentencing and was sentenced to a total of eighteen years imprisonment.

Also pertinent to our decision, this court recognizes the ameliorative changes that became effective approximately two months after Defendant committed the offenses herein. As noted in *State v. McGowan*, 17-623, p. 12 (La.App. 3 Cir. 12/06/17), 258 So.3d 609, 616, "Though not required to do so, the trial court is permitted to consider the ameliorative changes enacted by the 2017 amendment to the penalty provision in keeping with the spirit of the reforms articulated." These 2017 changes reduced the sentencing for distribution of methamphetamine sold in certain quantities. A review of those changes is instructive.

Effective August 1, 2017, La.R.S. 40:967 was amended and the sentence for distribution of methamphetamine became dependent on the weight of the substance. The new law provides for sentences from one to ten years imprisonment and a fine of up to fifty thousand dollars when the aggregate weight of the controlled substance is less than twenty-eight grams, and a sentence of one to twenty years and a fine of up to fifty thousand dollars when the aggregate weight is more than twenty-eight grams. This is a significant change from the previous language,

which sentenced all offenders, regardless of the substance's weight, to not less than two or more than thirty years imprisonment and a fine of up to fifty thousand dollars.

These changes were made in response to the Louisiana Justice Reinvestment Task Force's findings and the effort to reduce prison populations in Louisiana, especially the population convicted of less serious crimes. *See Louisiana's Justice Reinvestment Reforms Practitioner's Guide*, August 1, 2017. In 2017, the Louisiana Justice Reinvestment Task Force evaluated Louisiana's corrections systems. In their report, the task force noted Louisiana's leading position in the nation for imprisonment and Louisiana's propensity to imprison nonviolent offenders at a rate one and a half to three times the rate of neighboring states with similar crime rates. The task force proposed reforms to the legislature that would reduce the prison population while simultaneously saving Louisiana millions of dollars. Some of these reforms were incorporated into the Justice Reinvestment package consisting of ten bills, which were passed in the Louisiana House and Senate and signed into law by the governor on June 15, 2017. Senate Bill 220, which was enacted as 2017 La. Acts No. 281 amending La.R.S. 40:967 as discussed above, was one of those bills.

We recognize that the trial court has discretion in sentencing and under La.Code Crim.P. art. 883. However, even the trial court recognized the need and possibility for rehabilitation of Defendant when it commented that he be housed in a facility that offers addictive disorder programs. Thus, following the guidance of *Nixon*, 222 So.3d 123, and considering the time frame of the occurrences, La. Code Crim.P. art. 883, 2017 La. Acts No. 281, and the findings supporting the reformation of La.R.S. 40:967, we find that the imposition of consecutive

sentences in this case "is grossly disproportionate to the severity of the crime as to shock our sense of justice" and "makes no measurable contribution to acceptable penal goals[.]" *Barling*,779 So.2d at 1042.

Considering this conclusion, Defendant's third assignment of error need not be addressed.

## DECREE:

We find merit in Defendant's assertion that the consecutive nature of his sentences is excessive; thus, we vacate the sentences in part and remand the matter to the trial court with instructions to impose concurrent sentences.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT


No. 20-80


STATE OF LOUISIANA

VERSUS

HARRISON L. LEE


**PERRY, Judge, concurring, in part, and dissenting, in part.**

I agree that the trial court did not abuse its discretion when it imposed sentences of nine-years for each of Defendant's convictions for distribution of methamphetamine. Nonetheless, I disagree with the majority's determination that the imposition of consecutive sentences was grossly disproportionate to the severity of the crime and made "no measurable contribution to acceptable penal goals[.]"

"[A]lmost without exception, in cases where small amounts of drugs were sold over a short period of time, consecutive sentences were imposed on defendants who had prior, and in many cases, extensive criminal activity." *State v. Wallace*, 11-1258, p. 19 (La.App. 3. Cir. 5/30/12), 92 So.3d 592, 605, *writ denied*, 12-1861, (La. 3/8/13), 109 So.3d 355, *writ denied*, 12-1865 (La. 3/8/13), 109 So.3d 355. As the majority opinion points out, on May 15, 2017, and May 17, 2017, Defendant sold methamphetamine to an operative working for the LaSalle Parish Sheriff's Office.

Beyond the extremely short period of time within which Defendant sold the methamphetamines, the trial court offered ample justification for imposing consecutive sentences upon Defendant. It first reviewed Defendant's criminal history, which spans approximately thirty-five years and includes convictions for distributing other controlled substances. The trial court then noted: "That's not a record, necessarily, of a guy who is going on the straight and narrow. By my count, since 1983 you have been arrested or sited [sic] at least fifty-two times. For criminal

1

activity. That's unacceptable[.]" Additionally, the trial court noted that the Presentence Investigative Report is "unremarkable" as it pertains to Defendant's social history. Defendant is the oldest of five siblings and the father of three children. Further, Defendant studied carpentry at trade school; the trial court considered Defendant a potential "productive member of society, if [he] so chooses[s]," since Defendant stated that he had no problem finding a job. Finally, the trial court observed: "You are showing zero remorse and responsibility for the steps that you took."

When imposing the sentence, the trial court stated:

> [B]ecause of the nature of your offense and because your record is clear that you cannot stay out of trouble, in your adult life. I find that the actions have become a pattern of conduct that must be broken. And if you were given solely a suspended sentence or placed on probation, there is an undue risk to society that you would continue to commit further drug related offenses. This determination is bolstered by the fact that you continue to sell and use drugs, despite being caught at least two times previously. Further, giving [sic] the serious nature of the offenses that you are now convicted of, I believe that you are in need of the correctional treatment that can best be provided most effectively by a commitment to an institution. Accordingly, in light of my review of the pre-sentence investigation report, and in consideration of the factors contained in article 894.1 (A)(1) through (3) of the Louisiana Code of Criminal Procedure, in count 1 of docket number 17-1849, on the charge of Distribution of Methamphetamine, it is the sentence of this court that you serve nine (9) years at hard labor in the custody of the Department of Corrections of the State of Louisiana. On Count 2 of the same bill of information, on the charge of Distribution of Methamphetamine, it is the sentence of this court that you serve nine (9) years at hard labor in the custody of Louisiana. The sentence imposed in Count 2 is to run consecutive to the sentence imposed in Count 1[.]

Finally, I acknowledge the amendment to La.R.S. 40:967, effective August 1, 2017, and that sentences for the distribution of methamphetamine became prospectively dependent on the weight of the substance sold. I recognize that these changes were made in response to the Louisiana Justice Reinvestment Task Force's findings and the effort to reduce Louisiana's prison populations. Nevertheless, under the facts of the present case, particularly the thirty-five years during which

2

Defendant was involved in the distribution of various controlled substances and the trial court's observation that the Defendant has shown neither remorse nor an inclination to change his criminal behavior, I find the trial court's consecutive sentencing choice was not constitutionally excessive. I acknowledge that *State v. McGowan*, 17-623 (La.App. 3 Cir. 12/06/17), 258 So.3d 609, recognized the trial court *may consider* the ameliorative changes enacted by the 2017 amendment to La.R.S. 40:967 to convictions that predate the effective date of this legislation. However, I find Defendant's long criminal history and Defendant's present convictions for crimes that predate the amendment nullify any ameliorative benefits that the amendment to La.R.S. 40:967 made available.

For these reasons, I find the trial court did not abuse its broad sentencing discretion when it imposed two consecutive nine-year sentences. Thus, I dissent from the majority's decision to vacate the sentences, in part, with instructions to the trial court to impose concurrent sentences.